UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEIRA DAVIS, an individual, | ) ) |
| Plaintiff, | ) Case No: ) ) Judge: ) |
| v. | ) Magistrate Judge: ) |
| FLIXBUS, INC., | ) ) |
| Defendant. | ) ) ) |

# COMPLAINT

Plaintiff, KEIRA DAVIS, by and through her undersigned counsel, hereby files this Complaint and sues Defendant, FLIXBUS, INC. (hereinafter referred to as "FLIXBUS"), for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as "ADA") and declaratory and injunctive relief, damages, attorneys' fees, and costs pursuant, the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter, "LCHR"); and alleges the following:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the ADA and the LCHR.

2. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367, as such claims arise out of the same case or controversy as the federal claim.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the discrimination

at issue in this lawsuit occurred in Orleans Parish, in the Eastern District of Louisiana.

4. Plaintiff, KEIRA DAVIS, (hereinafter referred to as "MS. DAVIS"), is a person of the age of majority and a citizen of the State of Louisiana, Orleans Parish.

5. MS. DAVIS resides in Orleans, Louisiana.

6. MS. DAVIS is a qualified individual with a disability under the ADA and the LCHR.

7. MS. DAVIS is paralyzed as a result of a gunshot wound.

8. Due to her disability, MS. DAVIS is substantially impaired in several major life activities and requires a wheelchair to ambulate.

9. Upon information and belief, FLIXBUS, INC., a corporation organized in the State of Delaware and doing business in Orleans Parish, is the owner of the bus and transportation system which is the subject of this action, to wit: the FlixBus line service from New Orleans to Houston, Texas (hereinafter referred to as "the Bus Route").

10. Upon information and belief, FLIXBUS is providing specified public transportation within the meaning of Title III of the Americans with Disabilities Act.

11. Upon information and belief, FLIXBUS is covered by the LCHR as it is operating an "other establishment" which supplies goods or services to the general public, accepts the patronage or trade of the general public, or is supported directly or indirectly by government funds.

12. FLIXBUS sells bus tickets—a service—to the general public.

13. FLIXBUS operates two different "other establishments." FLIXBUS operates a website and attendant mobile application, which is an "other establishment." FLIXBUS also operates the bus itself, which is an "other establishment."

14. Finally, FLIXBUS is supported directly or indirectly by government funds because it has contracts for service with the federal government.

15. MS. DAVIS has used the Bus Route multiple times over the past year.

16. DEFENDANT is obligated to comply with the ADA and the LCHR.

17. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Orleans Parish, Louisiana

### COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

18. MS. DAVIS realleges and reavers the above Paragraphs as if they were expressly restated herein.

19. The Bus Route offered by Defendant provides transportation services to the general public on a bus line from New Orleans, Louisiana to Houston, Texas.

20. MS. DAVIS has used the bus route several times over the last year without issue.

21. MS. DAVIS sometimes travels on the bus route to visit her daughter, who lives in Houston, Texas.

22. The FlixBus has a seating area intended for individuals with disabilities.

23. The FlixBus website gives the option to purchase a ticket for an adult or a designated ADA accessible ticket.

24. When selecting the option, "travel in wheelchair," a warning is displayed to not purchase an ADA ticket under the following circumstances:

> "Do not choose this option if your wheelchair is collapsible and can be stored in the luggage compartment of the bus. Check the reduced mobility page for more information."

25. MS. DAVIS' wheelchair is collapsible. On her several prior trips between New Orleans and Houston, MS. DAVIS had her wheelchair stored in the luggage compartment of the bus. MS. DAVIS would ride in the cabin of the bus and would be aided on and off the bus by a family member or friend.

26. MS. DAVIS purchased a ticket to ride the bus from New Orleans to Houston for October 23, 2024.

27. MS. DAVIS anticipated traveling on the bus as she had done before, without issue or incident.

28. On October 23, 2024, MS. DAVIS arrived at the New Orleans bus station. MS. DAVIS' wheelchair was stored under the bus, and she then boarded the bus, with the aid of her friend.

29. MS. DAVIS' friend left the bus. MS. DAVIS anticipated that upon her arrival in Houston, Texas, MS. DAVIS would be assisted off the bus by her daughter.

30. Around the time MS. DAVIS' friend was exiting the bus, the bus driver noticed that MS. DAVIS was not traveling with a companion.

31. The bus driver told MS. DAVIS that, as a person with a disability, she could not travel on the bus without a companion. MS. DAVIS was horrified and disagreed. The bus driver became heated and said she had to follow "company policy" and called for a manager.

32. When the manager arrived, the manager also insisted that MS. DAVIS not ride the bus without a companion. MS. DAVIS continued to disagree and explained that she had traveled on the bus route several times without a companion and without issue by DEFENDANT.

33. DEFENDANT'S manager disagreed with MS. DAVIS, and ultimately security and the New Orleans police department were called.

34. DEFENDANT'S manager stated that the prior instances where MS. DAVIS had been permitted to travel to Houston unaccompanied were "mistakes" and that he was going to communicate with DEFENDANT'S employees to ensure that this did not happen again in the future.

35. DEFENDANT did not offer to bring MS. DAVIS' wheelchair up and onto the bus to MS. DAVIS.

36. DEFENDANT did not offer to swap MS. DAVIS to an ADA accessible seat where she could ride while seated in her wheelchair.

37. Moreover, MS. DAVIS did not require either of those means of transportation. MS. DAVIS was perfectly capable of traveling to Houston in a conventional seat with her wheelchair stored underneath the bus.

38. Ultimately, on account of her disability, MS. DAVIS was denied passage and travel.

39. MS. DAVIS was humiliated, suffered mental anguish and emotional distress, was treated as a second-class citizen, and missed time with her family, including inability to spend Halloween with her daughter in Houston, Texas.

40. Not only was MS. DAVIS' request to travel in a conventional seat reasonable, but it also complied with the instructions on DEFENDANT's website. DEFENDANT'S actions were patently unreasonable, and subjected MS. DAVIS to exclusion both (a) for failure to provide a reasonable accommodation and (b) as a result of intentional discrimination.

41. MS. DAVIS fears that she will be unable to travel to/from Houston again in the future due

to DEFENDANT'S discriminatory conduct.

42. DEFENDANT failed to provide a reasonable accommodation by denying transportation to MS. DAVIS through the means she had travel before (and in accordance with DEFENDANT'S website).

43. DEFENDANT failed to provide a reasonable accommodation by not relocating MS. DAVIS to an alternative seating on the bus or simply bringing her wheelchair up onto the bus.

44. MS. DAVIS fears that when she attempts to use the Bus Route in the future, she will encounter the same discriminatory policy and/or actions, and the same failures to accommodate, which are the subject of this action.

45. The actions by DEFENDANT'S employees are excluding MS. DAVIS from the Bus Route.

46. The barriers discussed below are excluding MS. DAVIS from the equal opportunity to participate in, or benefit from the programs, services, and activities which are offered to the general public at the Bus Route.

47. Upon information and belief, the policy issues and discriminatory attitudes still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

48. Upon information and belief, removal of the discriminatory barriers to access located on the Bus Route is reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

49. Upon information and belief, removal of the barriers to access located on the Bus Route

would provide MS. DAVIS with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations offered to the general public at the Bus Route.

50. Under the ADA, a covered entity shall "shall not, on the basis of disability, deny to any individual with a disability the opportunity to use the entity's transportation service for the general public, if the individual is capable of using that service." 49 CFR § 37.5(b).

51. Likewise, under the ADA, "An entity shall not require that an individual with disabilities be accompanied by an attendant." 49 CFR § 37.5(e).

52. Further, under the ADA, covered entities are required to provide reasonable accommodations to individuals with disabilities. 42 U.S.C. § 12184(b)(2)(A); *see also*, 49 CFR § 37.5(f).

53. DEFENDANT violated these provisions, and discriminated against MS. DAVIS, when it refused to permit her to travel to Houston, Texas without a companion.

54. MS. DAVIS fears that if she returns to the Bus Route, she would again be subjected to discrimination on the basis of her disability.

55. MS. DAVIS intends to travel on the Bus Route in the future to visit her daughter in Houston, Texas, and to travel back to New Orleans.

56. Upon information and belief, modification of the policies, practices, and/or procedures of DEFENDANT would provide MS. DAVIS an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which DEFENDANT offer to the general public.

57. MS. DAVIS has been obligated to retain undersigned counsel for the filing and prosecution of this action. MS. DAVIS is entitled to have her reasonable attorneys' fees, costs, and

expenses paid by DEFENDANTS pursuant to 42 U.S.C. § 12205.

## COUNT II: VIOLATIONS OF THE LOUISIANA COMMISSION ON HUMAN RIGHTS

58. MS. DAVIS repeats and realleges all preceding paragraphs in support of this claim.

59. At all times relevant to this action, the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 et. seq., (hereinafter referred to as "LCHR") has been in full force and effect and has applied to DEFENDANT'S conduct.

60. At all times relevant to this action, MS. DAVIS has experienced substantial limitations to several major life activities, including walking, standing, and bending, and uses a wheelchair as her primary means of mobility; and has been an individual with a disability within the meaning of LCHR, LA. REV. STAT. ANN. § 51:2232(3)(a).

61. At all times relevant to this action, DEFENDANT has been operating an "other establishment" under STAT. ANN. § 51:2232(910) by virtue of either supplying services to the general public, soliciting and accepting the patronage of the general public, or having been supported directly or indirectly by government funds.

62. The LCHR prohibits discriminatory practices and provides that "it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement . . . on the grounds of . . . disability." LA. REV. STAT. ANN. § 51:2247.

63. The LCHR extends relief to "any person deeming himself injured by" discrimination in violation thereof. LA. REV. STAT. ANN. § 51:2264.

64. DEFENDANT discriminated against MS. DAVIS, on the basis of her disability, in violation of LA. REV. STAT. ANN. § 51:2247, by denying her the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered at the Bus Line on account of her disability, as established above.

65. MS. DAVIS deems herself injured by DEFENDANT'S discrimination and sues under the LCHR to recover compensatory damages for the injuries and loss she sustained as a result of DEFENDANT'S discriminatory conduct and deliberate indifference as alleged herein above.

66. MS. DAVIS is further entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the LCHR, LA. REV. STAT. ANN. § 51:2264.

## PRAYER FOR RELIEF

WHEREFORE, MS. DAVIS demands judgment against DEFENDANT and requests the following relief:

A. That this Court declare that the Bus Line owned, leased, and/or operated by DEFENDANT is in violation of the ADA and the LCHR;

B. That this Court enter an Order directing DEFENDANT to modify its policies, practices, and/or procedures to make the Bus Line accessible to and useable by individuals with mobility-related disabilities to the full extent required by Title III of the ADA and the LCHR;

C. That this Court enter appropriate injunctive and declaratory relief;

D. That this Court award damages to MS. DAVIS pursuant to LA. REV. STAT. ANN. § 51:2264 for the discriminatory conduct of DEFENDANT in violation of the LCHR;

E.  That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses to MS. DAVIS pursuant to the ADA and the LCHR; and

F.  That this Court award such other and further relief as it deems necessary, just, and proper under the ADA and the LCHR.

Respectfully Submitted,

**BIZER & DEREUS, LLC**
*Attorneys for Plaintiff*

/s/ Garret S. DeReus
ANDREW D. BIZER (LA # 30396)
GARRET S. DEREUS (LA # 35105)
EVA M. KALIKOFF (LA # 39932)
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996
Email:  andrew@bizerlaw.com
          gdereus@bizerlaw.com
          eva@bizerlaw.com